IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| KEITH EUGENE THOMAS,<br><br>    Movant,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | CIVIL ACTION NO.: 5:21-cv-10<br><br><br><br>(Case No.: 5:99-cr-2) |

# REPORT AND RECOMMENDATION

Movant Keith Thomas ("Thomas") has filed a 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence, as supplemented.  Docs. 1, 3.  Respondent filed a Response. Doc. 2.[1]  For the reasons which follow, I **RECOMMEND** the Court **DISMISS** Thomas' § 2255 Motion, **DIRECT** the Clerk of Court to **CLOSE**  this case and enter the appropriate judgment of dismissal, and **DENY** Thomas *in forma pauperis* status on appeal and a Certificate of Appealability.

# BACKGROUND

Thomas was charged by a 25-count indictment of several counts of making false statements, in violation of 26 U.S.C. § 7206(1) and (2), and making false claims, in violation of 18 U.S.C. § 287, stemming from allegations relating to certain of Thomas' representations

---

[1]   Thomas' filings were not originally filed as a separate civil action and were only filed in his criminal case, Case Number 5:99-cr-2.  However, upon review of the filings, it appeared Thomas intended his filings to be considered under § 2255, and there was no need for the Court to construe Thomas' filings as § 2255 pleadings or to notify Thomas of any such characterization.  Thus, the Court ordered the Clerk of Court to open a new civil action.  Ord., United States v. Thomas, 5:99-cr-2 ("Crim. Case"), Doc. 41.  In so doing, the Court offered no view on whether Thomas could properly bring his claims under § 2255, only that Thomas apparently wished to bring his claims via § 2255.

relating to and filings with the Internal Revenue Service.  United States v. Thomas, 5:99-cr-2 ("Crim. Case"), Doc. 1.  Thomas was later charged by superseding indictment with the original 25 counts against him, along with a 26th count for contempt of court, in violation of 18 U.S.C. § 401(3), after Thomas failed to appear for Court-ordered proceedings.  Crim. Case, Doc. 18.  Thomas entered a change of plea on April 23, 2003, and agreed to plead guilty to count one of the indictment, a charge of making false statements, in violation of 26 U.S.C. § 7206(1).  Crim. Case, Docs. 29, 30.  On October 8, 2003, the Honorable William T. Moore, Jr., entered judgment against Thomas and sentenced Thomas to 15 months' imprisonment and to one year of supervised release.  Crim. Case, Doc. 31.  As part of this judgment, Judge Moore directed Thomas shall not possess a firearm, destructive device, or any other dangerous weapon and ordered Thomas to pay $40,409.45 in restitution to the Internal Revenue Service on a payment plan.  Id. at 2, 3, 5, 6.

Thomas' § 2255 Motion was filed on March 9, 2018.  Doc. 1.  He moves for relief from the Order to pay restitution.  Doc. 1 at 1.  Thomas asserts he signed the plea agreement under duress and the wording of the plea agreement is not supported by law and should be modified, corrected, or set aside.  Id. at 2–3.  Specifically, Thomas states the condition of his plea agreement relating to the loss of firearms is not supported by any statute and he should have his Second Amendment rights restored.  Id. at 3.  In addition, Thomas states his counsel rendered ineffective assistance.  Doc. 3.

## DISCUSSION

I.  **Whether Thomas' Motion Is Timely**

Respondent asserts, assuming Thomas' challenge can be asserted under § 2255, it is barred by the applicable statute of limitations.  Doc. 2 at 5.  To determine whether Thomas filed

his § 2255 Motion in a timely manner, the Court must look to the applicable statute of limitations periods.  Motions made via § 2255 are subject to a one-year statute of limitations period.  28 U.S.C. § 2255(f).  This limitations period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

Thomas was sentenced to 15 months' imprisonment on October 8, 2003, and the Court's final judgment was entered the same day.  Crim. Case, Doc. 31.  Thomas had 10 days, or until October 18, 2003, to file a notice of appeal.  Fed. R. App. P. 4(b)(1)(A)(i) (prior to 2009 amendment); Fed. R. Civ. P. 6(a); Murphy v. United States, 634 F.3d 1303, 1307 (11th Cir. 2011) (noting when a defendant does not appeal his conviction or sentence, the judgment of conviction becomes final when the time for seeking that review expires).  Because Thomas did not file an appeal, he had until October 18, 2004, to file a timely § 2255 motion.  28 U.S.C. § 2255(f)(1).  However, he did not execute his § 2255 Motion until February 7, 2018, and it was filed on March 9, 2018.  Consequently, Thomas' Motion is untimely under § 2255(f)(1) by more than 13 years' time.  Townsend v. Crews, No. 14-24126-CIV, 2014 WL 6979646, at *6 (S.D. Fla. Dec. 9, 2014) ("The law is and always has been that a statute of limitations creates a definitive deadline; a complaint or petition filed one day late (or six days late as in the case at

3

bar) is untimely, just as if a year late." (quoting Turner v. Singletary, 46 F. Supp. 2d 1238, 1240 (N.D. Fla. 1999))).

Thomas fails to argue he is entitled to the statute of limitations period set forth in § 2255(f)(2), (3), or (4). In addition, Thomas does not argue he is entitled to equitable tolling of the statute of limitations. Thomas' Motion is untimely and could be **DISMISSED** on this basis alone. However, Respondent addresses the relative merits of Thomas' claims, reasoning his requested relief regarding restitution payments and the firearms prohibition do not fall within the purview of § 2255 since Thomas is no longer "in custody." The Court, too, addresses the relative merits of Thomas' claims for completeness and out of an abundance of caution.

## II. Challenge to Restitution Portion of Judgment[2]

Thomas states the offense to which he pleaded guilty occurred in 1993, which was before the passage of the Mandatory Victim Restitution Act of 1996 ("MVRA"), and the restitution portion of his judgment should not be enforced against him. Doc. 1 at 2, 4–5. Thomas contends the restitution amount was classified as a "priority" order, which precludes him from filing this amount against a bankruptcy claim. Id. at 3.

Respondent asserts the MVRA was properly applied to Thomas. Doc. 2 at 3. Because the MVRA was properly applied, Respondent contends Thomas cannot discharge his restitution obligation by filing for bankruptcy. Id.

The MVRA applies "in all sentencing proceedings for convictions of, or plea agreements" for any offense "committed by fraud and deceit" and where "an identifiable victim has suffered a physical or pecuniary loss." 18 U.S.C. § 3663A(c)(1)(A)(ii), (c)(1)(B). A court is to consider a "defendant's income, earning capacity, and financial resources[,]" 18 U.S.C.

---

[2] Thomas asserts his claims as both a challenge to the plea agreement and as a challenge to the judgment. Docs. 1, 3. The Court addresses Thomas' claims as a challenge to the judgment.

4

§ 3572(a)(1), in ordering restitution and can direct the defendant to make a "single, lump-sum payment, partial payments at specified intervals, in-kind payments, or a combination of payments at specified intervals and in-kind payments." 18 U.S.C. § 3664(f)(3)(A). The MVRA amended the Victim and Witness Protection Act of 1982 ("VWPA"), which allowed a district court discretionary authority to award restitution but required a court to consider the victim's loss, the defendant's financial resources, and other factors the court deemed appropriate. United States v. Siegel, 153 F.3d 1256, 1261 (11th Cir. 1998).

Thomas' charged offenses occurred prior to the 1996 amendments to the VWPA, and this Court was required to consider Thomas' ability to pay the ordered restitution amount. Id. The Court considered Thomas' ability to pay restitution in the amount of $40,409.45, as set forth in the plea agreement and judgment, and set forth a payment schedule under § 3664(f)(3)(B). Crim. Case, Doc. 31 at 5–6. Judge Moore later modified this portion of Thomas' sentence in light of a change in his financial circumstances. Crim. Case, Doc. 33. There is nothing indicating the Court did not consider the appropriate factors in ordering restitution or the MVRA was improperly applied to Thomas. Thus, the restitution order is enforceable against Thomas and cannot be discharged in bankruptcy. 18 U.S.C. § 3613(e), (f). The Court should **DENY** this portion of Thomas' Motion.

### III. Challenge to Firearms Condition of Judgment

Thomas also attacks the provision of his judgment prohibiting him from possessing a firearm, destructive device, or any other dangerous weapon. Doc. 1 at 3. Again, Thomas states his offense was committed in 1993 and this provision is applicable only to those offenses committed on or after September 13, 1994. Thus, Thomas posits he should not have been ordered to give up his Second Amendment right to bear arms and seeks the restoration of this

right.  Id.  Respondent notes the restoration of Thomas' Second Amendment rights would require an act of Congress and, thus, is beyond the reach of the judicial branch.  Doc. 2 at 2.

It is unlawful for any person convicted of a felony to possess a firearm or ammunition. 18 U.S.C. § 922(g)(1).  "The Second Amendment does not . . . protect the possession of firearms by convicted felons . . . ."  United States v. Little, 780 F. App'x 719, 723 (11th Cir. 2019) (citing District of Columbia v. Heller, 554 U.S. 570, 592 (2008)).  A person who is prohibited from possessing a firearm by virtue of a felony conviction may apply to the Attorney General of the United States "for relief from the disabilities imposed by Federal laws . . . ."  18 U.S.C. § 925(c).

Thomas has made no showing he has applied to have his Second Amendment rights restored or that this Court is the appropriate provider of such relief.  As such, the Court should **DENY** this portion of Thomas' Motion.

## IV.     Writ of Coram Nobis

The writ of coram nobis is available in the criminal context for those individuals who can no longer seek post-conviction relief.  United States v. Spellissy, 842 F. App'x 516, 517 (11th Cir. 2021) (citing United States v. Peter, 310 F.3d 709, 712 (11th Cir. 2002)).  Federal courts have the authority to issue this writ pursuant to the All Writs Act, 28 U.S.C. § 1651, but "this is an extraordinary remedy that is available only in the most compelling circumstances to remedy errors 'of the most fundamental character.'"  Sun v. United States, 342 F. Supp. 2d 1120, 1126 (N.D. Ga. 2004) (quoting United States v. Morgan, 346 U.S. 502, 511–12 (1954)).  A writ of coram nobis "is only appropriate when claims could not have been raised by direct appeal, or the grounds to attack the conviction became known after a completed sentence when § 2255 relief is unavailable."  Id.  However, a movant must show there is no other remedy available and present compelling reasons "for failing to seek relief" on an earlier occasion.  Freeman v. United States,

6

789 F. App'x 134, 137 (11th Cir. 2019) (citing United States v. Mills, 221 F.3d 1201, 1203–04 (11th Cir. 2000)).

Thomas is no longer under a term of supervised release and is not "in custody" for § 2255 purposes, making a writ of coram nobis the appropriate request. However, he makes no showing he could not have sought his requested relief on an earlier occasion in the nearly 18 years since Judge Moore entered judgment in Thomas' criminal proceedings. Additionally, Thomas fails to show any compelling circumstances or the need to remedy any error of a fundamental character. Accordingly, to the extent Thomas seeks a writ of coram nobis, the Court should **DENY** this request.

## V.   Leave to Appeal *in Forma Pauperis* and Certificate of Appealability

The Court should also deny Thomas leave to appeal *in forma pauperis*. Though Thomas has not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed"). An appeal cannot be taken *in forma pauperis* if the trial court certifies the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Thus, a claim is frivolous and not brought in good faith if it is "'without arguable merit either in law or fact.'" Moore v. Bargstedt, 203 F. App'x 321, 323

(11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Additionally, under 28 U.S.C. § 2253(c)(1), an appeal cannot be taken from a final order in a habeas proceeding unless a certificate of appealability is issued. Pursuant to Rule 11 of the Rules Governing Section 2255 cases, the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue only if the applicant makes a substantial showing of a denial of a constitutional right. The decision to issue a certificate of appealability requires "an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). In order to obtain a certificate of appealability, a petitioner must show "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Id. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also Franklin v. Hightower, 215 F.3d 1196, 1199 (11th Cir. 2000). "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El, 537 U.S. at 336.

Based on the above analysis of Thomas' § 2255 Motion and the Response thereto and applying the Certificate of Appealability standards set forth above, there are no discernable issues worthy of a certificate of appealability; therefore, the Court should **DENY** the issuance of a Certificate of Appealability. If the Court adopts this recommendation and denies Thomas a

Certificate of Appealability, Williams is advised he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing Section 2255 Cases in the United States District Courts.  Furthermore, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith.  Thus, the Court should likewise **DENY** *in forma pauperis* status on appeal.

## CONCLUSION

For the above-stated reasons, I **RECOMMEND** the Court **DISMISS** Thomas' § 2255 Motion, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Thomas a Certificate of Appealability and *in forma pauperis* status on appeal.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date.  Objections shall be specific and in writing.  Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included.  Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made herein.  Objections not meeting the

specificity requirement set out above will not be considered by the District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 1st day of June, 2022.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA